Notice of Appeal /Petition
To The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C., 20013-8960

Appeals Commission:   Regarding Agency Case No. 1J-461-0015-10 and,
EEOC Case No. 470-2010-00257X

Dear Sir/Madame:

I have three points of contention when dealing with the matter of my termination from employment at the United States Postal Service (USPS).

First, the initial reason for my termination as I understand it is that I failed to use the "call-in" system provided by the USPS Interactive Voice Response (IVR) System. This accusation, however, was proved to be false and untrue based on the Arbitration of June 28, 2011 findings. In fact, there really was no definite fact proven of any failed action on my part regarding the IVR system.

The postal service could not prove that any of the employees mentioned were of the same category as myself and that the call-in procedure applied all classes of employees (which it does not). Let me make the following points:

1. I was placed off the clock against my will, but was not informed or lead to be believe that I was being <u>disciplined</u> for any infraction at that time, during my lay-off before being formally charged with AWOL and during and up to my time for hearing before an arbitration lawyer.
2. When I tried to inquire the significance of the "investigative interviews" (i-i) on two occasions, I was never given a charge or cause, a true violation of my basic civil rights (Amendment 5/6 of the Constitution) [this was supported by union president William Wright] nor was I informed of any pending disciplinary charges for failure to attend such an tribunal.
3. The investigation by the American Postal Workers Union (union or APWU) revealed that I was neither insubordinate or failing in following instructions.

The end result, however, is that I was terminated, it would seem for "not letting the postal office clear up any misunderstandings". This is not true, when it can be proven that the USPS had more than enough chances to clear up any misunderstandings. Even at the "arbitration" I was not given the opportunity to defend myself and the USPS which had the perfect opportunity to clear up any "misunderstandings" could have done so at that time (I was informed by Mark Moore, that he did not care to hear any explanations from me and that he was not interested in anything that I might have to say on my behalf). When I asked what the infraction was that made an "investigative interview" necessary, Mark Moore replied that it was not important.

Second, the wording of the letter of termination says that I failed to use the IVR system, but in 2011, July, I was informed that the wording of the IVR system did in fact change from call-ins for "NON-JOB RELATED INCIDENT OR ILLNESS" call-ins for all "incident or illness". This places doubt on the USPS justification for my termination. Part of my defense was that I had a job-related illness and the following points need to be examined.

1. According to John Munster, in a phone conversation July, 2010, I was terminated, not allowed to work as of January/February, 2010. In a phone conversation with Brad Sturgeon, the USPS was

   not going to settled my case but would proceed to "arbitration" within six months. In material received from MacLawrence Ford, "arbitration" was being set in place December, 2010, six months from my conversation with Mr. Sturgeon.
2. There is a process of discipline that is to be followed for every employee. i.e., Letter of Warning, Letter of Intent (which the January 29, 2010, letter from Vincent McLucas failed to do), etc.
3. Discipline is supposed to be corrective and not punitive, according to the union contract, in nature and is to fit the crime. There is no way that not coming to an investigative interview demands or sustains "termination".
4. The actual fact is that I was terminated for not attending an i-i. In the investigation by the union, Vincent McLucas stated that my not attending an i-i was the "catalyst" for the letter of termination (hence the "*reason*"), not whether or not I actually called in. This is proven by the statement of the arbitrator in his justification for sustaining the termination by the USPS. This is in direct contradiction to the actual wording of the letter of dismissal by the post office.
5. In other words, when the arbitrator could not uphold the actual letter of the dismissal, he chose in error, to uphold the reason behind the dismissal.
6. Simply put, I was either guilty for not calling in using the IVR system or I was not guilty. The truth is that I was not guilty. Therefore the termination by the USPS cannot stand.
7. There is a section in the contract which, according to my understanding of my conversation with MacLawrence Ford, entitled me to be on the clock for thirty (30) days prior to my actual day of dismissal from the post office (June 4, 2010). I was to be allowed to either work or left on the payroll as an active working employee. This was not done and is in direct violation of the union contract.

Third and last, is that it has come to my attention that the legal counsel for the USPS, James B. Franks, did not have the legal authority to practice law in the state of Illinois. And upon further investigation, he was not licensed to practice in Texas or the state of Oklahoma (where I'm told he received his law degree). I thoroughly checked with all three states and there is no reference of Mr. Franks being able to practice law in either state. Furthermore, being alarmed I called the law office of the USPS and was informed that there was some discrepancy regarding the actual state where Mr. Franks is authorized to practice law. There is not even a pro **hoc vice** for Mr. Franks in the state of Illinois.

This could explain the reluctance on the parts of the judges Philhower-Maple and Momah to issue discipline to Mr. Franks. This could also explain Mr. Frank's reluctance to go to court (not a hearing) and his refusal to negotiate in good faith with me, even when instructed by both eeoc administrative judges.

Considering the many mishaps and inconsistencies coming from, apwu, usps and eeoc, (from what I can tell, statements are made and remade to justify wrongdoing and that's sad) I am very reluctant to be completely open about the events that have occurred regarding my case and feel quite ill-at-ease in trusting or expecting to receive a just, open, fair and legal outcome.

Sincerely,


Ms. Jacquelyn S. Jones-Louis.
3436 Manor Court
Indianapolis IN  46218
(317) 702-3526
FAX (317) 591-1291                                                                                          Monday, September 26, 2011