

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Jacquelyn S. Jones-Louis,
Complainant,

v.

Patrick R. Donahoe,
Postmaster General,
United States Postal Service
(Great Lakes Area),
Agency.

Appeal No. 0120114080

Hearing No. 470-2010-00257X

Agency No. 1J-461-0015-10

## DECISION

On August 31, 2010, Complainant filed an appeal from the Agency's July 27, 2010 final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. The Commission deems the appeal timely and accepts it for de novo review pursuant to 29 C.F.R. § 1614.405(a). For the following reasons, the Commission AFFIRMS the Agency's final decision.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Mail Processing Clerk at the Agency's Processing & Distribution Center in Indianapolis, Indiana. In January 2009, Complainant received notice that her Office of Workers' Compensation Programs (OWCP) claim for disability between April and June 2007 was disallowed. This notice also stated that the medical evidence did not support expanding the claim to include the diagnosis of a right knee meniscus tear. Consequently, in February 2009, Complainant received notice that her limited duty assignment had expired. Complainant believed that she was entitled to remain in limited duty status due to a claim for a right knee sprain which had been accepted by OWCP, but her physician kept submitting documentation that appeared to confuse whether her restrictions were due to the torn meniscus or the sprain. Management was thus left without the authority to let her continue working in limited duty status. Complainant was informed she had to return to her bid job but that she could also request light duty. Complainant refused to

do either and stopped reporting to work entirely after she was sent home in early January 2010.

Subsequently, despite written requests to report for investigative interviews and provide documentation supporting her absence, Complainant did not reply. She was ultimately terminated in May 2010 for failing to comply with leave related call in procedures and failing to report to work for approximately 70 consecutive days. Complainant filed a grievance, and an arbitrator sustained her removal.

Complainant filed an EEO complaint alleging that the Agency harassed her on the bases of race (African-American), sex (female), disability and reprisal for prior protected EEO activity when she was not allowed to work and was denied union representation and when management refused to fill out paperwork and threw forms at her, placed her off the clock and ultimately removed her. At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge (AJ). Complainant timely requested a hearing but subsequently withdrew her request. Consequently, the Agency issued a final decision pursuant to 29 C.F.R. § 1614.110(b).

In its decision, the Agency explained that Complainant was denied work due to the uncertainty of her entitlement to a limited duty assignment and her refusal to perform her regular bid assignment or to request light duty. Management denied throwing forms and stated that Complainant always had union representation, and explained that after January 5, 2010, Complainant refused to report for duty. She did not request leave for her absence despite knowing that she was required to do so and knowing how she was supposed to do it. Consequently, she was charged Absent Without Leave (AWOL) which led to her termination. The decision concluded that Complainant failed to prove that the Agency subjected her to discrimination as alleged.

## ANALYSIS AND FINDINGS

To prove her harassment claim, Complainant must establish that she was subjected to conduct that was either so severe *or* so pervasive that a "reasonable person" in Complainant's position would have found the conduct to be hostile or abusive. Complainant must also prove that the conduct was taken because of a protected basis, *i.e.* in this case, race, sex, disability or prior protected activity. Only if complainant establishes **both** of those elements, does the question of vicarious liability for supervisory harassment present itself.

Upon review of the record including Complainant's argument on appeal, we find no evidence that unlawful animus motivated the Agency's actions. To the contrary, there is evidence that management was trying to resolve with OWCP the question of Complainant's limited duty status which triggered her not being allowed to work and having to maneuver through a myriad of administrative requirements regarding medical documentation. Complainant claims on appeal that she thought she had actually been fired in early January 2010, but we find this to be

3                                      0120114080

unworthy of belief given the number of written notices she received from management asking her to report for interviews and provide documentation in support of her absence. The record yields little insight into why Complainant did not try to cooperate in an effort to save her job, but it also contains no evidence that her race, sex, disability or prior protected activity were factors in management's actions. For this reason, her claim of harassment fails, and we AFFIRM the Agency's final decision.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0610)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or
2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department"

4                                              0120114080

means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

February 13, 2013
Date

5                                           0120114080

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Jacquelyn S. Jones-Louis
3436 Manor Ct
Indianapolis, IN 46218

Robert S. Rifkin, Esq.
11550 N Meridian St #115
Carmel, IN 46032

U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL 33622-1979

February 13, 2013
Date

Compliance and Control Division

Final Agency Decision
Jacquelyn S. Jones
Agency Case Number 1J-461-0015-10
Page 23

## Appeal Rights

## APPEAL TO EEOC

The complainant has the right to appeal the Postal Service's final decision to the:

**Director,**
**Office of Federal Operations**
**Equal Employment Opportunity Commission (EEOC)**
**P.O. Box 77960**
**Washington, DC 20013-8960**

**within 30 calendar days of receipt of this decision.** The complainant must use EEOC Appeal Form 573, a copy of which is enclosed, in connection with the appeal. The complainant may also deliver the appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with the appeal, the complainant must submit proof to the EEOC that a copy of the appeal and any supporting documentation and/or brief were also submitted to the:

**NEEOISO – FAD**
**National EEO Investigative Services Office**
**USPS**
**P. O. Box 21979**
**Tampa, FL 33622-1979**

The complainant is advised that if the complainant files an appeal beyond the 30-day period set forth in the Commission's regulations, the complainant should provide an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why the untimeliness should be excused in accordance with EEOC Regulation 29 C.F.R. §1614.604, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

Alternatively, if the complainant is dissatisfied with the Postal Service's decision in this case, the complainant may file a civil action in an appropriate U.S. District Court within 90 calendar days of receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If the complainant chooses to file a civil action, that action should be styled **Jacquelyn S. Jones v. Patrick R. Donahoe, Postmaster General**. The complainant may also request the court to appoint an attorney for the complainant and to authorize the commencement of that action without the payment of fees, costs, or security. Whether

Final Agency Decision
Jacquelyn S. Jones
Agency Case Number 1J-461-0015-10
Page 24

these requests are granted or denied is within the sole discretion of the District Judge. The application must be filed within the same 90-day time period for filing the civil action.


## *Stephanie D. Johnson*

Stephanie D. Johnson
EEO Services Analyst                          Date: July 27, 2011
NEEOISO
P. O. Box 21979
Tampa, FL 33622-1979

**Enclosure:** EEOC Appeal Form 573
cc:
Complainant
Jacquelyn S. Jones-Louis
PO Box 26645
Indianapolis, IN 46226-0645
**Delivery Confirmation No.0310 0480 0003 6870 4936**

District Manager, Human Resources
3939 Vincennes Rd
Indianapolis, IN 46298-9994

USPS Law Department Attorney
James Franks, Esq
222 South Riverside Plaza, Suite 1200
Chicago, IL 60606-6105


Regional Manager, EEO Compliance and Appeals
Great Lakes Area Office (J)
344 Knollwood Drive, 2nd Floor
Bloomingdale, IL 60117-3010

EEOC Administrative Judge
Judge Davidson Momah
U.S. Equal Employment Opportunity Commission
Hearings Unit
101 West Ohio Street #1900
Indianapolis, IN 46204-4203