UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACQUELYN S. JONES-LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:13-CV-762-SEB-MJD |
| | ) |
| PATRICK R. DONAHOE, POSTMASTER, | ) |
| | ) |
| Defendant. | ) |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

In her Complaint, Plaintiff alleges she was "improperly terminated, refused employment and inappropriately and incorrected [sic] affected by the USPS' OWCP proceedings." Compl., Dkt. No. 1, at 2. The United States District Courts do not have jurisdiction to entertain challenges to the sufficiency of the stated reasons for terminating a federal employee's employment. 5 U.S.C. §§ 7512, 7513. Neither do the district courts have jurisdiction over challenges to federal workers' compensation decisions. 5 U.S.C. § 8128(b). Accordingly, the Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Plaintiff first alleges that she "was improperly terminated [and] refused employment" by the United States Post Office ("USPS"). Compl., Dkt. No. 1., at 2. Under the Civil Service Reform Act of 1978 ("CSRA"), United States District Courts are precluded from hearing suits related to federal personnel actions. *See Ayrault v. Pena*, 60 F.3d 346, 347 (7th Cir. 1995) ("By creating the CSRA, Congress implicitly repealed the jurisdiction of federal district courts over personnel actions arising out of federal employment."). Plaintiff has remedies available under the CSRA, which provides a "comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions." *Id.* For this reason, the MSPB has exclusive jurisdiction over cases

in which a federal employee alleges that his removal, suspension, furlough or pay or status reduction was not "for cause" as defined by 5 U.S.C. § 7513. *Richards v. Kiernan*, 461 F.3d 880, 883 (7th Cir. 2006). *See also* 5 U.S.C. § 7512. Accordingly, the Court should dismiss Plaintiff's claim that her termination (or failure to rehire) was based on insufficient grounds. *See Robbins v. Bentsen*, 41 F.3d 1195, 1201 (7 Cir. 1994) (holding Internal Revenue Service employee could not bring Fifth Amendment due process claim because CSRA provided adequate remedial scheme).

Plaintiff also alleges in her Complaint that she "was inappropriately . . . affected by the USPS' OWCP proceedings." Compl., Dkt. No. 1 at 2. The Federal Employees Compensation Act ("FECA") 5 U.S.C. § 8101, *et seq.* expressly precludes judicial review of federal workers' compensation determinations. 5 U.S.C. § 8128(b). In pertinent part, 5 U.S.C. § 8128 (b) provides:

> The action of the Secretary or her designee in allowing or denying a payment under this subchapter is -
>
> (1) *final and conclusive for all purposes* and with respect to all questions of law and fact; and
>
> (2) *not subject to review by another official of the United States or by a Court* by mandamus or otherwise.

*Id.* (emphasis added). The Supreme Court has singled out § 8128(b) as a model preclusion-of-review statute, noting that Congress uses such "unambiguous and comprehensive language" as found in § 8128(b) "when [it] intends to bar judicial review altogether." *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 780 n.13 (1985). *See also Southwest Maritime, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (quoting *Lindahl*). Additionally, in *Czerkies v. U.S. Department of Labor of Labor*, the Seventh Circuit made clear that any attempt to challenge the merits of a decision on the allocation of benefits is absolutely not permissible. 73 F.3d 1435, 1437-1443 (7th Cir. 1996) (*en*

*banc*) ("[W]hen all that a claimant is seeking is benefits on the basis of an error of fact or law by the administering agency, judicial review is barred altogether.").

*Lindahl* and *Czerkies* establish that the meaning of 8128(b) is clear – judicial review is precluded. Plaintiff's garden variety disagreement with the DOL's Office of Workers' Compensation Program over her FECA benefits determination provides no jurisdictional basis for a suit against the USPS. As a result, Plaintiff's claim must be dismissed.

Because the Court does not have jurisdiction over either of the claims Plaintiff attempted to plead, it should dismiss Plaintiff's Complaint and grant Defendant all other appropriate relief.

        Respectfully submitted,

        JOSEPH H. HOGSETT
        United States Attorney


      By: /s/ Jonathan A. Bont
        Jonathan A. Bont
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** upon Plaintiff by electronically filing with the Court, according to the ECF/CM notification, or mailing a copy thereof to the following individual, this 30th day of September, 2013:

Jacquelyn S. Jones-Louis
P.O. Box 502794
Indianapolis, IN 46250

/s/ Jonathan A. Bont
Jonathan A. Bont
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048