STATE OF INDIANA )
)SS:
COUNTY OF Marion )

Jacquelyn S. Jones-Louis, )
Petitioner )
vs. )
)
)
Patrick R. Donohue, Postmaster, )
Respondent ) )

IN THE US <u>Southern District</u> COURT
(<u>Indianapolis</u> DIVISION)

CASE NO.  <u>1:13-cv-762-SEB-MJD</u>

## <u>BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTION TO "MOTION TO DIMISS"</u>

IN their "Defendant's Motion to Dismiss", the legal representatives for the United States Postal Service (USPS) makes the following declarations and my response is recorded as follows:

1. "The United States District Courts do not have jurisdiction to entertain challenges to the sufficiency of the states reasons for terminating a federal employee's employment".

   a.  5 U.S.C. §§ 7512, 7513,

Plaintiff's Response: **Title 5 in this 7512, 7513 is referring to Administrative Personnel and specifically to appointed positions.  I am not "Administrative" nor was I and my position was not by appointment but by bid-run.  Therefore I am not included in 7512 of Title 5 and 7513 does not refer to me.**

   b.  "Neither do the [D]istrict [C]ourts have jurisdiction over challenges to federal workers' compensation decisions.

Plaintiff's Response:  **This not a case about compensation or a compensation decision.**

   c.  In the minds of the USPS' defense, the case should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Plaintiff's Response:  **This case has complete diversity regarding this matter, <u>wrongful termination</u>, i.e., a federal case brought by former federal employee in which she previously was employed by the federal government (the USPS) who violated a federally**

mandated ruling or law (Title V, FECA) can be heard in a federal court and the award limitation for this particular case is well over $75,000.00.

Additionally, subject matter jurisdiction in suits involving the government does not require a specific amount in controversial.

This law says that Federal District Courts have jurisdiction over postal service cases: http://www.law.cornell.edu/uscode/text/28/1339 and in addition to this when the U.S. is a defendant, the court has jurisdiction see http://law.cornell.edu/uscode/text/28/1346.

One of the tests for whether or not a case can be heard in federal court is the "moot" test. The case must present an ongoing problem for the court to solve. I believe my case does and apparently so did the USPS because in 2011. *AFTER* I was terminated not only did the USPS change the IVR system language for its employees but by OWCP (FECA) changing its definition of service administration to include "nurse practitioners and physician's assistants" the language which directly affects the USPS was changed and this is one of the ground stones of my case.

Another test for whether or not a case can be heard in federal court is that a case must raise a "federal question". In this case my suit raises the challenge to actions taken by the USPS (a federal agency) and also challenges the USPS' power to terminate breaking a then FECA Title 5 statue.

Finally, and I think I've already proven this, but a case may be heard based on diversity of citizenship. In this case between the USPS and myself. Not only can the District Court hear cases involving cases in which the defendant is the Postal Service, but also cases in which the US government is the defendant.

2. "Under the Civil Service Reform Act of 1978" prevents the U.S. District Courts from

hearing suits related to federal personnel actions." A quasi-repeat of their former

complaint (termination of a federal employee's employment)

    a. Ayrault v. Pena, 60 F.3d 346, 347 (7th Cir. 1995) "By creating the CSRA, Congress

       implicitly repealed the jurisdiction of the federal courts over personnel actions arising

       out of federal employment"

Plaintiff's Response: **This case points to a discrepancy over whether or not the Plaintiff,**

**in this case, Ms. Ayrault, was an employee or not. However, the question as to whether**

**or not Ms. Ayrault was represented by union and if represented what route was taken**

**or whether or not she chose the route of EEOC (NOTE: She (Ms. Ayrault was not**

**given the option of MSPB) before she filed a case before the District Court is not**

**answered.**

> **Interesting to note that by definition the CSRA (Civil Service Reform Act)**
> **of 1978 applies to labor organizations (unions) which represents employees**
> **in most agencies of the executive branch of the Federal Government.**

    b. According to its definition, CSRA, Civil Service Reform Act "provides the exclusive

       remedy for an alleged *constitutional violation*, including an alleged First Amendment

       violation, arising out of federal employment.

Plaintiff's Response: **My case is not about a *constitutional violation*, but a termination by**

**the USPS in which the backdrop was a wrongly applied FECA Title 5 rule regarding**

**the validation of my April 2007 claim and in which the USPS had plenty of time to**

**correct. And even though I do not believe that my case has *constitutional violation*; my**

**case does have *constitutional standing* and meets the three requirements of 1) plaintiff**

**has suffered an injury in fact; 2) there is a causal connection between the jury and the**

conduct complained of and 3) it is believed to be very likely that the jury will be redressed by a favorable decision.

28 USC § 1339 "The district courts shall have original jurisdiction of any civil action arising under the Act of Congress relating to the postal service.

 

    c.   "…the MSPB has exclusive jurisdiction over cases in which a federal employee alleges that his(her) removal, suspension, furlough or pay or status reduction was not "for cause" as defined by 5 U.S.C. § 7513 using Richards v. Kiernan, 461 F.3d 880, 883 (7th Cir. 2006) and also 5 U.S.C. § 7512.

Plaintiff's Response: **28 USC § 1339 "The district courts shall have original jurisdiction of any civil action arising under the Act of Congress relating to the postal service.**

  **Again, this case does not state whether or not Mr. Richards was represented by union and, if represented, what route was taken or whether or not he went the route of EEOC or even if he was given this option (NOTE: Nothing indicates whether or not Mr. Richards was given the option of MSPB) before filing a case before the District Court.**

  **I went through the administrative complaint process before filing a lawsuit (I went through all the steps and in a timely manner).  And even though there were several different points during the process and I had the opportunity to quit the process and file a lawsuit in court, I went to the very end of the EEOC process.**

  **The bottom line is that I am nor was I required to go through Merit Service Protection Board according two spoken sources (Central Regional Office of the MSPB in Chicago, IL administrative judge on November 5, 2013 and IAL-APWU on November 8, 2013) in agreement:**

NOTE On Wednesday, November 7, 2013, I contacted the Central Regional Office of MSPS in Chicago, IL, and spoke to an administrative judge who said that **my claim <u>Was Not</u> eligible for MSPS because 1) I <u>did not</u> have veteran's preference; 2) I <u>was not</u> a confidential employee; 3) I <u>was not</u> a manager/supervisor for over a year and 4) I <u>was not</u> given the option to file board appeal right (MSPB) which I would have been given if any of the other three qualifications applied to me, which none of them did.**

 I also spoke with Pat (IALAPWU secretary) on Friday, November 8, 2013, to find out if my termination letter included MSPB as my resource of defense and she said **that that option would apply if I were a VETERAN and <u>if included in my termination letter was done by the Post Office in error</u>.  Further, that I <u>was not</u> eligible for MSPB defense, but EEOC.  I asked that she please pull my termination letter as proof.**

1) **Veteran's Preference; 2) Confidential Employee; 3) Manager/Supervisor for over one year would be the only qualifications for board appeal rights – namely, the MSPB.  I am not in either one of those categories.**

2) **I wisely chose the EEOC and went through the whole process in completion and in a timely manner.**

3) **My next and final step was the filing of a Civil complaint in a Federal Court, which I also did in a timely manner.**

**Just a side-note <u>*I could not file a claim with both the EEOC and the MSBP.  Both are time sensitive, and if filed jointly one of those complaints would have been thrown out*</u>.**

If the Court pleases, I will sum up the rest of the objection this way:

The USPS attorney not really being able to make a case against me has accused this Plaintiff of "only" seeking "benefits" and has made several points in his assumption.  However, if you recall my reason for filing my case, benefits has ***Nothing*** to do with this suit.  ***If the FECA Title V rule was***

*done correctly by the USPS, I would not have had a claim to begin with and therefore, I would not
be entitled to any "BENEFITS".  This Case Is About Justice.*

Further, I am accused of having a "garden variety" case.  In other words, nothing was done out of
the ordinary.  I beg to differ.  But, I beg the Court to please consider the following:

In April 2007 I was injured on the job, sent to emergency where I was seen <u>only</u> by a "Physician's
Assistant" [PA].  I was seen by my physician (about 4-5 days later and then again about 30 days later)
(also:  my doctor gave me an MRI which confirmed her suspicions) and then eventually I was seen by a
OWCP knee surgeon who validated the claim of my physician (August 2007) and then operated on (my
choice) by another knee surgeon (March 2008) who validated the claim of my physician.

<**>    **** **In April 2007 it was articulated by the then manager of Injury Compensation for the
USPS that my case <u>was not eligible</u> for an OWCP claim.  Which I accepted.  Then my claim *was*
accepted by OWCP and went unchallenged by the USPS based on the findings of the PA.**

**** In October 2008 I was again injured on the job – a different kind of injury; my claim was,
however, challenged by the USPS and was denied by OWCP due to the fact that when I was sent to
emergency I was seen by a "Nurse Practitioner" [NP].

In January 2010, I was sent home and told to provide paper regarding my injury, which I did.  But
I was not allowed to return to work.  I filed an EEOC which brought me to eventually file a claim in the
U.S. District Court system later.  All this in each case in a timely manner.  After several "investigative
interview" [I-I] attempts and some communication I was given a letter of termination.

Here is the REAL Deal:  While investigating my case, I discovered in July 2010 that the **USPS**
**violated FECA Title 5 rule which states that I cannot have a valid claim <u>If</u> I WAS NOT seen by a M.D.**
**(doctor) – my being seen by a Physician's Assistant or Nurse Practitioner (see ****) made my claim**
**invalid.  My <u>claim was accepted in April 2007 but my new claim in October 2008 was not accepted.</u>  In**

my recent research I have discovered that FECA Title 5 law has since then changed to: <u>**Evidence Needed, has been amended to include a reference that a report of a physician assistant or a certified nurse practitioner will be considered medical evidence if countersigned by a qualified physician.**</u> Some outdated language has been removed, more detail was added, and the information within the paragraph was reorganized.

**This, however, does not change my case since the ruling did not take effect until after I was terminated by the USPS effective July 19, 2011.  The change took effect on August 29, 2011 by OWCP (and consequently the USPS) and was passed by the House and became law November, 2011.  This is four (4) years after my incident and claim and 1 to 4 months after I was terminated by the USPS, respectively.**

**FECA BULLETIN NO. 11—08**

**Issue Date: August 10, 2011**

---

**Subject:** Exclusion of Providers

**Background:** On August 13, 2010, the Office of Workers' Compensation Programs (OWCP) published in the *Federal Register* a proposal to amend the regulations governing the administration of the Federal Employees' Compensation Act (FECA). On June 28, 2011 the new Regulations were published, and they are effective as of **August 29, 2011**. The regulations pertaining to the exclusion of providers were substantially revised.

**Applicability:** All National Office staff and District Office claims personnel; Department of Labor (DOL) Office of the Inspector General (OIG); Employing Agency (EA) personnel and OIG offices; and medical providers for FECA claimants.

**References:** 20 CFR §§ 10.815 – 10.826.

**Purpose:** To inform the appropriate personnel of the new regulations and provide instruction on the steps required to exclude a provider.

**Actions:**

<u>**1. A provider means a physician, hospital, or provider of medical services, appliances or supplies.**</u>

# Became law November 2011

## House Passed Version (H.R. 2465)

- <u>**Allows nurse practitioners and physicians' assistants to certify disability during the first 45 days of injury**</u>

RELEASE – REVISION TO FECA PROCEDURE MANUAL

CHAPTER 2-0805, CAUSAL RELATIONSHIP

FECA TRANSMITTAL NO. 13-05                                    January 29, 2013

EXPLANATION OF MATERIAL TRANSMITTED:

Chapter 2-0805 has been revised in its entirety. The chapter has been streamlined and updated to include new language, and the structure of the chapter has been changed. Many of the paragraphs have been reordered, renamed, consolidated, and updated. The number of paragraphs in the chapter has been reduced from 8 to 7.

No substantive changes were made to paragraph 1, but the title was updated to **Purpose and Scope.**

Paragraph 2, **Types of Causal Relationship**, added some language to clarify the types of causal relationship, and outdated language was deleted.

**Paragraph 3, Evidence Needed, has been amended to include a reference that a report of a physician assistant or a certified nurse practitioner will be considered medical evidence if countersigned by a qualified physician.** Some outdated language has been removed, more detail was added, and the information within the paragraph was reorganized.

## Division of Federal Employees' Compensation (DFEC)

## Procedure Manual

**FECA Part 2**

Chapter 2-0805, Causal Relationship
## 2. Types of Causal Relationship.

**3. Evidence Needed.** The question of causal relationship is a medical issue which usually requires reasoned medical opinion for resolution. **This evidence should be obtained from a physician who has examined or treated the claimant for the condition for which compensation is claimed**.

a. Physicians Qualified to Provide Opinions. As defined by 5 U.S.C. 8101 (2), the term "physician" includes surgeons, osteopathic practitioners, podiatrists, dentists, clinical psychologists, optometrists and chiropractors within the scope of their practice as defined by state law. Registered nurses (RNs), licensed practical nurses (LPNs), physician assistants, nurse practitioners, certified nursing assistants, social workers and physical therapists are not physicians under the Act and, therefore, are not qualified to provide medical opinion to establish causal relationship.

(1) A report of a physician assistant or a certified nurse practitioner will be considered medical evidence if countersigned by a qualified physician.

**My suit is based on the April 2007 _accepted_ claim (<\*\*>) which is erroneous and which**

**violated FECA Title 5 law as applied and was in force 2007- August 2011 and which is punishable by**

$5K fine and/or 5 years in prison and which the USPS in their EEOC January 2010 deposition acknowledges is their error.

In all this time, the USPS has done nothing to correct their well-documented and well-known error and from the looks of the MTD wants to place the burden solely on the shoulders of the OWCP, etc.

The union fought the case and lost.  I continued my EEOC pursuit and this is currently where I am at:

My case was filed in the district court in the same state and city where the injury and incident occurred and simply states "I was improperly terminated, refused employment and inappropriately and incorrectly affected by the USPS' OWCP proceedings."  [Perhaps instead of "proceedings" I should say "actions".???]

1.  And finally, the MTD states that my case is a "garden variety" disagreement and that Federal Employees Compensation Act (FECA) 5 U.S.C. 8101 "expressly precludes judicial review of federal workers' compensation determinations – FECA's Secretary or designee's decisions are final and conclusive for all purposes and not subject to review by another official of the US or by a Court by mandamus or otherwise.  According the MTD the Seventh Circuit 73 F.3d. 1435, 1437-1443 (7th Cir. 1996) (*en banc*) made clear that "any attempt to challenge the merits of a decision on the allocation of benefits is absolutely not permissible." "[W]hen **all** that a claimant is seeking is benefits on the basis of an error of fact or law by the administering agency, judicial review is barred altogether".

This term "garden variety" states that my case is common, ordinary.  But I must question whether or not it is common or ordinary for the USPS to do wrong and then turn around and change the rules to fit their own situation.  By that, I am saying that it is wrong, illegal, to knowingly disobey a known FECA Title V law; have years (over 6) to correct the wrong committed, (the USPS even admitted that what they did was wrong); and then fire a USPS Federal employee using as a background the wrongly applied statue, law, dictate.  It's like saying that the Postal Office can do what they want, change the laws to suit them when they want, fire (unlawfully) whom they want

and hide behind being a federal agency or even a federal statue in order to get out of having to

answer to a higher authority (in this case a Federal Court) for the offense.

2. Finally, the MTD states "Plaintiffs' garden variety disagreement with the DOL's Office of

Workers' Compensation Program over her FECA benefits determination provides no

jurisdictional basis for a suit against the USPS.

There is no proof to justify this statement.  This is not the only statue that the USPS (along with the

OWCP) have changed to suit them.  There is the IVR voice activated system for calling in employee

absences.  In the same year that I was terminated, the USPS changed the wording of the call-in system

from having those injured on-the-job call-in to their supervisor and not the IVR system to having

everyone (regardless of illness, injury or circumstance) call-in using the IVR call-in system.  Just

because the USPS choses to change their procedural systems does not mean that they can wrongly

apply or misuse procedure or law and not have it counted as grounds for misconduct. _The USPS is not_

_exempt from answering for the offenses/wrongdoing it commits._

In light of the facts, the USPS does not have the legal or moral grounds for having my

complaint (case) dismissed and therefore this Plaintiff prays that the Court will render a

decision to hear her case in its entirety, render the justice requested and grant this Plaintiff

all appropriate relief.

Respectfully Submitted,

Jacquelyn S Jones-Louis
Pro se

10/10