UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACQUELYN S. JONES-LOUIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) No. 1:13-cv-00762-SEB-MJD | |
| PATRICK R. DONAHUE, ) | |
| ) | |
| Defendant. ) | |

**ORDER REGARDING PLAINTIFF'S MOTIONS [DKTS. 31, 32 & 34]**

This matter comes before the Court on Plaintiff's motion to dismiss request from French Property Management, LLC [Dkt. 31], Plaintiff's motion to consider response to "Motion to Dismiss" timely and in order [Dkt. 32], and Plaintiff's motion to quickly deliver and/or address an order [Dkt. 34]. For the reasons set forth below, Plaintiff's motion to dismiss request from French Property Management, LLC [Dkt. 31] is **DENIED**, and Plaintiff's motion to consider response to "Motion to Dismiss" timely and in order [Dkt. 32], and Plaintiff's motion to quickly deliver and/or address an order [Dkt. 34] are **DENIED AS MOOT**.

This matter is before the Court on Plaintiff's employment discrimination claims against Defendant Patrick R. Donahoe. [Dkt. 1.] On August 27, 2013, Plaintiff filed a motion requesting the protection of possible evidence relevant to the litigation of this matter that were stored in a storage locker located in a storage facility belonging to Hoosier Storage, 8040 Georgetown Road, Indianapolis, Indiana 46268. [Dkt. 11.] In response to that motion, the Court ordered Hoosier Storage to "refrain from destroying or otherwise disposing of any tapes,

files, testimony and legal documents relevant to this matter" that might be in the possession of Hoosier Storage until further order of the Court. [Dkt. 12.]

On January 14, 2014, French Property Management, LLC d/b/a Hoosier Storage Depot, LLC ("Hoosier Storage") advised the Court of the need to evict Plaintiff from her storage unit for unpaid fees, advised the Court of Hoosier Storage's willingness to allow Plaintiff to remove from the unit any tapes, files, testimony and legal documents relevant to this matter, and requested instructions for Plaintiff to remove such items from the unit. [Dkt. 29.] In response, on January 17, 2014, the Court issued a Supplemental Order on Motion to Protect Contents in Storage (the "Supplemental Order") directing Plaintiff to make arrangements to remove any tapes, files, testimony and legal documents relevant to this matter from the storage unit on or before February 7, 2014. [Dkt. 30.] The Supplemental Order further provided that:

> On or before February 14, 2014, French Property shall submit to the Court an affidavit or verified declaration representing pursuant to the penalties for perjury either (a) that Plaintiff has been provided access to the storage facility and allowed to remove therefrom any tapes, files, testimony and legal documents relevant to this matter or (b) that Plaintiff failed to contact the facility on or before February 7, 2014 for the purpose of making arrangements to remove any tapes, files, testimony and legal documents relevant to this matter from the facility, at which time the Court's prior order [Dkt. 12] will be vacated.

[[*Id.* at 2.] On February 12, 2014, Hoosier Storage advised that Plaintiff had failed to contact them by February 7, 2014 to obtain any tapes, files, testimony and legal documents relevant to this matter that may be located in the storage unit as previously ordered by the Court. [Dkt. 33.]

The Court notes that Hoosier Storage is not a party to this matter and any issues between Plaintiff and Hoosier Storage with regard to Plaintiff's storage unit are not before this Court. The Court's sole interest was to assist Plaintiff to preserve any tapes, files, testimony and legal documents relevant to this matter that might have been located within the storage unit. The

Court's prior orders did just that. First, the Court prohibited Hoosier Storage from destroying any tapes, files, testimony and legal documents relevant to this matter that might have been located in the storage unit [Dkt. 12], and then the Court specifically directed Plaintiff to retrieve any tapes, files, testimony and legal documents relevant to this matter contained within the storage unit [Dkt. 30], with regard to which order Plaintiff failed to comply [*see* Dkt. 33]. None of the Court's orders in this matter addressed any of the contents of Plaintiff's storage unit other than any tapes, files, testimony and legal documents relevant to this matter. Plaintiff was provided a full and fair opportunity to retrieve such material and has not done so. The Court can do no more, as any further orders restricting Hoosier Storage cannot reasonably be interpreted as protecting any tapes, files, testimony and legal documents relevant to this matter that might be within the storage unit. Accordingly, Plaintiff's motion to dismiss request from French Property Management, LLC [Dkt. 31] is **DENIED**. Furthermore, Plaintiff's motion to consider response to "Motion to Dismiss" timely and in order [Dkt. 32], and Plaintiff's motion to quickly deliver and/or address an order [Dkt. 34] are **DENIED AS MOOT**. Additionally, pursuant to the Supplemental Order [Dkt. 30 at 2], the Court's Order on Motion to Protect Contents in Storage [Dkt. 12] is hereby **VACATED**.

Dated: 04/25/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Michael J. Pinnick
French Property Management, LLC
DBA Hoosier Storage Depot, LLC
836 E. 64th Street
Indianapolis, IN 46220

JACQUELYN S. JONES-LOUIS
via docket inspection with Clerk of Court

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov