UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACQUELYN S. JONES-LOUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) 1:13-cv-00762-SEB-MJD |
| MEGAN J. BRENNAN,[1] | ) |
| Postmaster General of the United States, | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause is currently before the Court on Defendant Megan J. Brennan's Motion for Summary Judgment [Dkt. No. 66], filed on May 29, 2015, pursuant to Federal Rule of Civil Procedure 56.[2] Plaintiff Jacquelyn Jones-Louis alleges employment discrimination and retaliation for prior protected equal employment activity by the U.S. Postal Service ("USPS"). For the reasons set forth below, Defendant's motion is GRANTED.

## Factual Background[3]

The events that gave rise to Ms. Jones-Louis's allegations in this suit began on April 16, 2007, when, as a USPS mail-handling clerk based in Indianapolis, Indiana, she suffered a knee

---

[1] Ms. Brennan, who succeed Patrick R. Donahoe, is automatically substituted for him as Defendant in this case. Fed. R. Civ. Pro. 25(d).

[2] We previously addressed Ms. Jones-Louis's allegations on September 3, 2014 [Dkt. No. 47], on Defendant's Motion to Dismiss [Dkt. No. 14] and allowed her to amend the initial complaint to the extent she intended to pursue any constitutional claims or violations of federal anti-discrimination law. She timely filed an Amended Complaint on October 4, 2014 [Dkt. No. 49].

[3] The factual background was set forth in this court's September 3, 2014, order. At this new juncture, we again set forth the facts in this case and rely on the Equal Opportunity Commission Notice of Decision [Dkt. No. 1, Pl.'s Ex. 2], which Ms. Jones-Louis filed, supplementing the facts where warranted.

injury on the job.[4] Pl.'s Ex. 2 at 1; Am. Compl. [Dkt. No. 49] at 13. After a USPS supervisor sent Ms. Jones-Louis to a medical facility, where a physician assistant diagnosed her with a knee sprain, she chose treatment by her own medical provider, Dr. Trierweiler. Pl.'s Ex. 2 at 1; Jones-Louis Dep. [Dkt. No. 67, Ex. 1] at 18; 21-19:4.

Ms. Jones-Louis applied for disability benefits from the Office of Workers' Compensation Programs ("OWCP") for the period April to June 2007, when she was unable to work. Pl.'s Ex. 2 at 1. She also filed a claim with the OWCP due to the April 16, 2007, injury itself and, on May 10, 2007, the OWCP formally accepted the claim of a sprained knee. Jones-Louis Dep. at 26:16-27; Dep. Ex. 4. USPS management offered Ms. Jones-Louis a modified assignment of limited duty effective April 16, 2007, which she accepted. Pl.'s Ex. 2 at 1.

On June 25, 2007, OWCP sent a letter to Ms. Jones-Louis stating that Dr. Trierweiler had notified OWCP of a "newly diagnosed condition related to (her) injury and that newly diagnosed condition is meniscal tear" [Dep. Ex. 5]. *See* Jones-Louis Dep. at 34:14-21; Pl.'s Ex. 2 at 1. This letter provided instructions which Ms. Jones-Louis was to transmit to Dr. Trierweiler regarding the required procedure to document and support the newly diagnosed condition. Jones-Louis Dep. at 36:13-20; Dep. Ex. 5. Citing inadequate documentation of the meniscus condition and an inability to communicate with Dr. Trierweiler, via letter dated December 20, 2007, the OWCP instructed Ms. Jones-Louis to deliver to Dr. Trierweiler a request for additional information on the torn meniscus condition. Pl.'s Ex. 2 at 1; Jones-Louis Dep. at 49:7-19; 50:1-2; Dep. Ex. 8.

---

[4] To the extent Ms. Jones-Louis includes incidents occurring as far back as 2001 [Am. Compl. at 9-10; Pl.'s Resp. [Dkt. No. 75-1] at 26-29, they are not properly before this court. Federal government employees like Ms. Jones-Louis may bring employment discrimination claims in federal court only after they have timely exhausted their administrative remedies. 42. U.S.C. § 2000e-16c; *see*, *e.g., Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001) (internal citations omitted). Such employees must pursue counseling or file an informal complaint within 45 days of the alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1).

In February 2008, the OWCP informed Ms. Jones-Louis that she could not continue her limited duty assignment because the USPS had not received proper documentation of her injury. Pl.'s Ex. 2 at 1; Dep. Ex. 9. Apparently, Ms. Jones-Louis continued to perform limited duty job responsibilities until USPS management reassigned her in November 2008; however, she was unable to perform the duties of the reassigned position because she could not be properly trained. Jones-Louis Dep. at 53:11-20; 55:2-9; 17-19; Dep. Ex. 11. USPS management "was trying to resolve with OWCP the question of Complainant's limited duty status which triggered her not being allowed to work and having to maneuver through a myriad of administrative requirements regarding medical documentation." Pl.'s Ex. 2 at 2.

In August 2009, USPS management released Ms. Jones-Louis from limited duty to her normal job assignment. Jones-Louis Dep. 58:25-59:13; Dep. Ex. 12. Ms. Jones-Louis asserts that she continued to perform limited duty job responsibilities after that time. Jones-Louis Dep. at 59:16-60:5.

On January 4, 2010, Ms. Jones-Louis's supervisor, Toni Moore, told her that Ms. Jones-Louis was required to apply for a light duty assignment or to return to her normal job assignment. Jones-Louis Dep. at 63:21-64:10. Ms. Jones-Louis refused to apply for light duty or to perform her normal job.[5] Jones-Louis Dep. at 63:21-64:10; Pl.'s Ex. 2 at 2. She stopped reporting to work entirely after USPS management sent her home that same day. Pl.'s Ex. 2 at 1-2; Jones-Louis Dep. at 66:4-5; 69:7-22.

On January 6, 2010, USPS management sent Ms. Jones-Louis a letter via certified and regular mail requesting that she report to work for an investigative interview on January 8, 2010.

---

[5] As Defendant notes in his reply brief [Dkt. No. 76 at 2-3], contrary to her deposition testimony, Ms. Jones-Louis asserted for the first time in her response brief to this Court [Dkt. No. 75-1 at 3], that she did not apply for light duty. She does not contest this issue elsewhere in her pleadings.

3

Dep. Ex. 13. Ms. Jones-Louis asserts that she did not receive the letter until later in January. Jones-Louis Dep. at 72:22-25; 73:1-7. She did not call USPS to reschedule the interview, but contacted the USPS to ask why she was being interviewed. Jones-Louis Dep. at 73:12-24; 76:18-25. None of the USPS's later attempts to contact Ms. Jones-Louis by phone were successful. Jones-Louis Dep. at 73:12-16; 76:18-25.

On January 29, 2010, the USPS notified Jones-Louis via certified mail that she failed to comply with leave-related "call in" procedures. Pl.'s Ex. 1; Dep. Ex. 19. According to Ms. Jones-Louis, she did not "call in" her absences from work because she understood such a notification to management to be necessary only for "non-job related accident or illness."[6] Pl.'s Ex. 1. Despite the USPS's subsequent requests via certified mail to report for an investigative interview, Ms. Jones-Louis did not comply. Dep. Exs. 15, 21, 22. USPS ultimately terminated Ms. Jones-Louis in May 2010 for failing to comply with the "call in" procedures and for failing to report to work for 70 consecutive days. Pl.'s Ex. 1 at 1 ("[T]he initial reason for my termination as I understand it is that I failed to use the 'call-in' system provided by the USPS Interactive Voice Response (IVR) system."); Pl.'s Ex. 2 at 2.

Ms. Jones-Louis filed an EEOC complaint alleging that the USPS harassed her based on her African American race, her female sex, and a disability; she also alleged that her termination was a reprisal for having engaged in (unspecified) previous protected EEO activity. Pl.'s Ex. 2 at 2. After initially submitting a request for a hearing before an EEOC Administrative Law Judge, Ms. Jones-Louis withdrew the request; the USPS consequently issued a final decision reaffirming her dismissal pursuant to 29 C.F.R. § 1612.110(b). *Id.*

---

[6] According to the EEOC's notice of decision, Ms. Jones-Louis also claimed in her EEOC appeal that she had not called in her absences because she mistakenly thought she had already been terminated as of January 2010—some four months before her actual termination. Pl.'s Ex. 2 at 2.

On August 31, 2010, Ms. Jones-Louis filed an appeal from that final decision to the EEOC, alleging that her termination violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 791 *et seq.* Pl.'s Ex. 2 at 2. After review, EEOC affirmed the USPS's decision on February 13, 2013. *Id.* at 1-2. As the Commission explained: "The record yields little insight into why Complainant did not try to cooperate in an effort to save her job, but it also contains no evidence that her race, sex, disability or prior protected activity were factors in the management's actions." *Id.* at 3.

Proceeding without the assistance of counsel, Ms. Jones-Louis filed a complaint against the Postmaster of the United States in this Court in May 2013 [Dkt. No. 1]. In September 2013, then-Defendant Donahoe, through counsel, filed a Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), which we construed as also seeking dismissal for failure to state a claim under Rule 12(b)(6) [Dkt. No. 14], arguing that this Court is not permitted to review the decision on the part of the OWCP to terminate employment. We agreed and, on September 14, 2014, dismissed with prejudice this aspect of the suit [Dkt. No. 47]. Because of the paucity of detail in the initial complaint, we could not foreclose the possibility that Ms. Jones-Louis may have been attempting to advance additional legal theories such as the USPS's violation of her procedural due process rights and/or federal anti-discrimination law. Accordingly, we declined to enter a final judgment under Federal Rules of Civil Procedure 58 and allowed Ms. Jones-Louis to amend her complaint within 28 days of our September 3, 2014, order. Declining, of course, to express any opinion as to the viability of Ms.

Jones-Louis's claim, we urged her to seek the assistance of counsel in formulating an acceptable amended complaint.[7]

On October 3, 2014, Ms. Jones-Louis, still proceeding without counsel, timely filed her Amended Complaint [Dkt. No. 49]. This amended version, however, does little by way of fleshing out any cogent claims that she was the victim of discrimination or retaliation. The USPS, through counsel, moved for summary judgment on May 29, 2015 [Dkt. No. 67].

## Legal Analysis

### Standard of Review

Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *O'Leary v. Accretive Health, Inc., 657 F.3d 625, 630 (7th Cir. 2011)*. However, neither the mere existence of some alleged factual dispute between the parties, *id.* at 247, nor the existence of some metaphysical doubt as to the material facts, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

---

[7] Concurrent with her initial complaint, Ms. Jones-Louis's filed a motion to appoint counsel [Dkt. No. 3]. In August 2013, we denied her request because she did not show that she made a reasonable effort to secure representation from the private market [Dkt. No. 7].

The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. *Id.* at 325.

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Thus, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enter., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish her case, summary judgment is not only appropriate, but it is mandated. *See Celotex*, 477 U.S. at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 323.

## Discussion

In our September 2014, order, we construed Ms. Jones-Louis's complaint to contain two related claims: that OWCP wrongfully denied her disability benefits or the ability to hold part-time work status, and that the USPS wrongfully terminated her employment entirely. We granted Defendant's motion to dismiss because we lack jurisdiction over the only claims she described. Defendant now argues that Ms. Jones-Louis still advances the same ones set forth in her initial

complaint. Dkt. No. 67 at 1, 7-8; No. 76 at 2-3. Ms. Jones-Louis makes clear in her response to Defendant's summary judgment motion that "[her] assertion was and still is that she was 'improperly terminated, refused employment (by the Post Office) and inappropriately and incorrectly affected by the USPS OWCP proceedings" [Dkt. No. 75-1 at 6]. Accordingly, we agree with Defendant that Ms. Jones-Louis's arguments in this regard are but reiterations of the allegations in her initial complaint, which we dismissed in our September 2014, order.

We begin with a brief discussion of Ms. Jones-Louis's allegations that remain outside this court's jurisdiction and thus that cannot defeat Defendant's motion for summary judgment. Next, we explain our conclusion that Ms. Jones-Louis has not produced evidence to support her allegations of discrimination on any cognizable basis, including retaliation, and any constitutional violation.

### I.      Wrongful Termination and Federal Employees' Compensation Act Claims

Ms. Jones-Louis continues to devote a large portion of her pleadings to the claim that she was "improperly terminated." *See, e.g.*, Pl.'s Resp. at 24, 69, 71. As previously set forth, Ms. Jones-Louis's wrongful termination claim is foreclosed by the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq. See* Dkt. No. 47 at 9. The CSRA "elaborated a comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions." *Ayrault v. Pena,* 60 F.3d 346, 347 (7th Cir. 1995) (internal citations omitted). As the Seventh Circuit has recognized, "the CSRA essentially preempted the field by 'superseding preexisting remedies for all federal employees.'" *Ayrault,* 60 F.3d at 348 (internal citations omitted); *see* 5 U.S.C. §§ 7513(d), 7701(a), 7703. "By creating the CSRA, Congress implicitly repealed the jurisdiction of federal courts over personnel actions arising out of federal employment." *Richards v. Kiernan,* 461 F.3d 880, 883 (7th Cir. 2006) (internal citations

omitted). Because USPS employees are covered by the CSRA, and are eligible to participate in the system of appeals it provides, any wrongful termination challenge that Ms. Jones-Louis continues to raise is outside this court's jurisdiction. *See* 5 U.S.C. § 7511(a)(1); 39 U.S.C. § 1005(a)(1) (providing that Chapter 75 of the CSRA, covering adverse employment actions, applies to postal employees).

Ms. Jones-Louis also again complains that she was "inappropriately and incorrectly affected by the USPS OWCP proceedings" [Pl.'s Resp. at 10]. *See* Am. Compl. at 11. We previously explained that the essence of this claim appears to be that the OWCP erred in denying her FECA benefits and that this error led to her termination. Ms. Jones-Louis continues to invoke the FECA statute [Pl.'s Resp. at 70]. To the extent Ms. Jones-Louis is challenging the OWCP rules or procedure or is alleging that the OWCP's decision ran afoul of the FECA, 5 U.S.C. § 8101, *et seq.*, [Am. Comp. at 10-11; Pl.'s Resp. at 70], this Court lacks jurisdiction over that claim as well. The FECA system is the exclusive remedy for federal employees, and it forecloses federal courts' jurisdiction to review the final decisions of the Secretary of Labor in applying the Act. "The action of the Secretary or her designee in allowing or denying a payment under this subchapter is – (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a Court by mandamus or otherwise." 5 U.S.C. § 8128(b). It is beyond question that Congress intended to "bar judicial review [of a FECA claim] altogether." *Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 780 n.13 (1985). The "door-closing" provision thus precludes review of non-constitutional challenges to administrative determinations. *See Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1437–1443 (7th Cir. 1996) (construing the statute to contain an exception for

9

constitutional claims). We thus lack jurisdiction over any claim that OWCP's decision ran afoul of FECA.

In sum, the OWCP and wrongful termination claims in the Amended Complaint are reiterations of those asserted in Ms. Jones-Louis's initial complaint, which are outside this court's jurisdiction and consequently cannot preclude summary judgment. Summary judgment, accordingly, will be granted on these claims. We now turn to Ms. Jones-Louis's other allegations of discrimination and harassment to the extent she advances any justiciable claims.

## II.    Discrimination and Retaliation Claims

Ms. Jones-Louis complained to the EEOC that she suffered from race, sex, and (unspecified) disability status discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e2(a)(1) and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, and brought this suit within the 90-day window allowed for the filing of civil suits after an unfavorable EEOC decision. *See* Pl.'s Ex. 2 at 1. She indicated on the pre-printed complaint form  that she intended to pursue alleged violations of Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act ("ADEA"); the Americans with Disabilities Act; the Equal Rights under the Law, 42 U.S.C. § 1981; and the Whistleblower Protection Act of 1989 [Dkt. No. 49].[8]  However, she fails to allege, either in the Amended Complaint or in her briefing, any facts consistent with discrimination or retaliation in violation of federal law.

---

[8] The ADEA prohibits employment discrimination against people over 40 years old. 29 U.S.C. §§ 623(a)(1), 631(a). Because Ms. Jones-Louis quotes the statutory language of the ADEA in her Amended Complaint but does not advance any age-related discrimination claim either there or in any of her pleadings, this issue is not addressed further. We deem it waived. Similarly, although she refers to the Equal Rights Under the Law, 42 U.S.C. § 1981 in her complaint, she does not advance any cogent argument elsewhere in the complaint or in her briefs, so no further consideration is necessary.

Title VII forbids an employer from discriminating against "any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex¸ or national origin." 42 U.S.C. § 2000e2(a)(1). Ms. Jones-Louis claims that the USPS's termination of her employment was unlawfully motivated by her sex, African American race, and an unidentified disability. She appears to be arguing, as she did before the EEOC, that she was discriminated against by not being permitted to work. Am. Compl. at 11, 17 (she "was never trained to work the DBCS and . . . it was management who kept [her] in limited duty status, having her fill out one form after another in order that she could still work in limited duty status, which continued after January 2009"); Pl.'s Resp. at 3; Pl.'s Ex. 2 at 2 .

Under Title VII, Ms. Jones-Louis may attempt to prove race and sex discrimination through direct or circumstantial evidence, which may be analyzed under either the direct method, or the indirect method set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Coleman v. Donahoe*, 667 F.3d 835, 845 (7th Cir. 2012). The direct method allows a plaintiff to prove discrimination by providing direct or circumstantial evidence "that the employer's discriminatory animus motivated an adverse employment action. *Id.* (citing *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 716 (1983)). Under the indirect method, a plaintiff may create the presumption that her employer's actions were motivated by unlawful discrimination if she can meet the lower threshold of proving a *prima facie* case. *See Orton-Bell v. Indiana*, 759 F.3d 768, 773 (7th Cir. 2014).

Ms. Jones-Louis has put forward no direct evidence of discrimination on any basis in this case, so we shall proceeded under the indirect method set forth in *McDonnell Douglas* and its progeny. To establish a *prima facie* case of discrimination under the indirect method, she must offer evidence that: (1) she is a member of a protected class, (2) her job performance met the

11

employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) another similarly situated individual who was not in the protected class was treated more favorably than the plaintiff. *Coleman*, 667 F.3d at 845; *Langenbach v. Wal-Mart Stores, Inc.,* 672 F.3d 792, 801 (7th Cir. 2014)*.* If a plaintiff meets her burden to establish a *prima facie* case, the burden shifts to the defendant to "provide a legitimate, nondiscriminatory reason for the [adverse employment] decision." *Burks v. Wisconsin Dep't of Transportation*, 464 F.3d 744, 750-51 (7th Cir. 2006) (internal citations omitted). If and when the employer does so, the burden shifts to the plaintiff, who must show that this reason is a "pretext." *McDonnell Douglas*, 411 U.S. at 804; *Burks*, 464 F.3d at 751.

The summary judgment standard is applied rigorously in employment discrimination cases because intent and credibility are such critical issues. *See Seener v. Northcentral Technical Coll.*, 113 F.3d 750, 757 (7th Cir. 1997); *Wohl v. Spectrum Mfg., Inc.*, 94 F.3d 353, 354 (7th Cir. 1996). To that end, we carefully review any affidavits and depositions for circumstantial evidence which, if believed, would demonstrate discrimination. The Seventh Circuit also has made clear that employment discrimination cases are not governed by a separate set of rules, and thus remain amenable to disposition by summary judgment so long as there is no genuine dispute as to the material facts. *See, e.g.*, *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410 (7th Cir. 1997).

Defendant argues that the only evidence of record shows that the USPS terminated Ms. Jones-Louis's employment because she failed to use the "call in" procedures required for leave Dkt. No. 67 at 7-8; No. 76 at 2. We agree that, even assuming Ms. Jones-Louis had pled the essential elements of her Title VII and ADA claims, she has failed to demonstrate that the USPS's reason is merely pretext for discrimination. It is undisputed that the USPS gave Ms.

12

Jones-Louis a limited duty assignment for almost three years. It is equally undisputed that the USPS afforded Ms. Jones-Louis numerous opportunities to report for an investigative interview related to her job assignment and that she failed to do so. And it is undisputed that she failed to return to work after her supervisor gave her alternatives to pursue for continued employment. Ms. Jones-Louis's arguments that she was terminated for some other reason constitute speculation on her part, which cannot defeat a motion for summary judgement. Indeed, it is well settled that a plaintiff's self-serving statements, which are unsupported by specific concrete facts reflected in the record, cannot preclude summary judgment. *See, e.g.*, *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999); *Slowiak v. Land O'Lakes, Inc.*, 987 F.2d 1293, 1295 (7th Cir. 1993). Because Ms. Jones-Louis's evidence falls far short of establishing that she was the victim of discrimination, summary judgment on this claim is warranted. We think this is a case of a legal theory in search of facts.

      Title VII also prohibits an employer from discriminating against an employee "because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). This is referred to in common parlance as "retaliation." Similar to employment discrimination claims, an employee can prove her retaliation claim by either the direct or the indirect method of proof. *Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 459 (7th Cir. 2007) (internal citations omitted). Ms. Jones-Louis's retaliation claim appears to be connected to her alleged filing of EEOC charges prior to the EEOC decision which she now is challenging. As noted above, Ms. Jones-Louis failed to present any direct or circumstantial evidence that anything other than her failure to

comply with required procedures and her absence without leave factored into USPS management's decision to terminate her employment. Summary judgment is thus granted on this claim.

Finally, Ms. Jones-Louis refers to the Whistleblower Protection Act of 1989, 5 U.S.C. § 1231 *et seq.*, under which an employee complaining of retaliation must show that "'a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee [could] reasonably conclude that the actions of the government evidence gross mismanagement.'" *White v. Department of Air Force*, 391 F.3d 1377, 1381 (Fed. Cir. 2004) (internal citations omitted). Ms. Jones-Louis includes in the amended version of her complaint a single sentence in support of her retaliation claim under this statute, stating without more that she was "a whistle blower in another EEO matter." Am. Compl. at 9. She has failed to present any facts or evidence to support such a claim.

## Conclusion

For the reasons detailed above, we hold that Ms. Jones-Louis failed to establish that the USPS discriminated against her on any basis, retaliated against her, or violated any of her constitutional rights. Accordingly, Defendant's Motion for Summary Judgment is <u>GRANTED</u>. Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: \_\_\_\_3/31/2016_____

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

14

Distribution:

JACQUELYN S. JONES-LOUIS
P.O. Box 441061
Indianapolis, IN 46244

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov